## Emily Gustafson and Vernon Gustafson, minor, by Emily Gustafson, Appellees, v. Robert Peterson and William Schaefer, Appellants.

### Gen. No. 21,431.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. J. H. FORNOFF, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed January 17, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Emily Gustafson and Vernon Gustafson, a minor, suing by Emily Gustafson, his mother and next friend, plaintiffs, against Robert Peterson and William Schaefer, defendants, under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damage to their means of support. From a judgment for plaintiiffs for $2,500, defendants appeal.

The first instruction given on behalf of defendants was as follows:

"The court instructs the jury, as a matter of law, that it is unlawful to sell or give intoxicating liquors to an habitual drunkard or to a person when intoxicated, and you are further instructed that a sale to such person is a sale wantonly and wilfully made; so if you believe from the evidence that intoxicating liquors were sold or given to Carl Gustafson by the defendants at the time when they knew, or ought to have known, that the said Carl Gustafson was intoxicated or had become an habitual drunkard, then such sales or gifts, if any, were unlawful."

. ROBERT J. NORDHOLD and ROSE & SYMMES, for appellants.

RANKIN, HOWARD & DONNELLY, for appellees.

MR. JUSTICE GOODWIN delivered the opinion of the court.

Gustafson et al. v. Peterson et al., 203 Ill. App. 242.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 233*—*when evidence as to loss of support subsequent to wrongful acts complained of is admissible.* In an action by a wife and child against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for loss of support due to the intoxication of the husband and father, evidence tending to show loss of support subsequent to the wrongful acts complained of, *held* to be admissible.

2. INTOXICATING LIQUORS, § 233*—*what damages may be recovered for loss of support.* The damages recoverable in an action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), by a wife and child for damage to their means of support are not confined to damages which they suffered up to the time suit was brought, but include loss of support subsequent to the time of commencing the ·action, since the wrongful acts complained of give rise to but one cause of action.

3. INTOXICATING LIQUORS, § 216*—*when evidence as to attitude of husband when drunk towards wife and child is admissible.* In an action against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damage to their means of support, evidence as to the attitude of the husband when drunk towards the plaintiffs, *held* admissible for the purpose of showing the nature and extent of the husband's intoxication, when introduced in connection with a description of his conduct when drunk.

4. INTOXICATING LIQUORS, § 249*—*when instruction on unlawfulness of sale of intoxicating liquor to an habitual drunkard is not erroneous.* In an action by a wife and child against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for damage to their means of support, an instruction that it is unlawful to sell or give intoxicating liquors to an habitual drunkard or to a person when intoxicated and that a sale to such a person is a sale wantonly and wilfully made, and that if the jury believed from the evidence that intoxicating liquors were sold or given to the husband by the defendants at a time when they knew, or ought to have known, that the husband was intoxicated or had become an habitual drunkard, then such sales or gifts, if any, were unlawful, *held* not erroneous.

5. INTOXICATING LIQUORS, § 253*—*when instruction is not erroneous as not conforming with pleadings.* In an action by a wife and child against saloon keepers under the Dramshop Act, sec. 9 (J. &. A. ¶ 4609), for damage to their means of support due to the intoxication of the husband, an objection to an instruction that it did not limit the time when the defendants gave or sold intoxicating

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

liquors to the husband to the time alleged in the declaration, *held* untenable where there was no evidence of sale by either defendant other than those set out in the declaration and the instruction expressly limited the jury to the sales shown by the evidence.

6. INTOXICATING LIQUORS, § 225*—*when evidence is sufficient to sustain verdict in action for loss of support.* The Dramshop Act, sec. 9 (J. & A. ¶ 4609), gives an action to a wife and child against saloon keepers selling intoxicating liquor to the husband for damage to loss of support resulting from intoxication from liquor or otherwise, and evidence which establishes intoxication will sustain a verdict for the plaintiffs even though it is not shown to be habitual.

7. PLEADING, § 447*—*when objection that more is declared upon than is proved is unavailable.* Where enough is proved to establish a right of action it is no objection that more is declared upon, as the matter not proved may be treated as surplusage.

8. INTOXICATING LIQUORS, § 253*—*when instruction in action by wife and child for loss of means of support is not erroneous as allowing recovery greater than declared on in declaration.* In an action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), by a wife and child against saloon keepers for damage to their means of support due to intoxication of the husband and father, *held* that an instruction allowing recovery for injury to property as well as means of support was not erroneous, although the declaration counted only on injury to the latter, the jury having been confined to what they believed from the evidence, and there being nothing in the record tending to show injury to property.

9. INTOXICATING LIQUORS, § 250*—*when instruction on right to recover exemplary damages in action for loss of support is not erroneous.* An action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), by a wife and child against saloon keepers for damage to their support due to the intoxication of husband and father, an instruction that if the jury believed from all .the circumstances that plaintiffs ought to recover exemplary damages, they might, if they saw fit, in addition to the actual damages, assess such further sum as exemplary damages as they believed from all the circumstances in evidence in the case that plaintiffs were entitled to, *held* not erroneous because not explaining to the jury in what circumstances exemplary damages were allowable, such objection being met by another instruction.

10. INSTRUCTIONS, § 10*—*what instruction must contain.* It is not necessary to state all the principles of law relative to one subject in one instruction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

11. INTOXICATING LIQUORS, § 250*—*when instruction on liability of saloon keepers for act of servant in action for loss of support is not erroneous.* In an action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), by a wife and child against saloon keepers for loss of support due to the intoxication of the husband and father an instruction that the defendants were liable for the acts of their servants *held* not objectionable as tending to mislead the jury into allowing exemplary damages, even though the defendants had forbidden the sales where, in the only instruction on exemplary damages, the court instructed the jury that the right to such damages depended upon the finding that the conduct of defendants was wanton and in wilful disregard of the plaintiffs' rights.

12. INTOXICATING LIQUORS, § 254*—*when requested instruction on liability of codefendant for exemplary damages is properly refused as misleading.* In an action by a wife and child under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), against saloon keepers to recover for loss of support due to intoxication of the husband and father, a requested instruction that if one defendant was guilty of conduct which would permit exemplary damages and the other not, then the jury could only assess "such damages as you find the defendant least at fault is liable for," *held* properly refused as being ambiguous and misleading.

13. INTOXICATING LIQUORS, § 254*—*when requested instruction on period of intoxication that can be considered is properly refused.* In an action by a wife and child under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for the loss of support due to intoxication of the husband, a requested instruction that the jury should not consider habitual intoxication of the husband at any time or period other than the time or period during which it was proven by the evidence that the defendants or either of them sold or gave intoxicating liquors to him, *held* properly refused.

14. INTOXICATING LIQUORS, § 254*—*when requested instruction that no recovery may be had unless habitual intoxication is shown is properly refused.* In an action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for loss of support due to the intoxication of the husband and father, a requested instruction that no recovery could be had unless habitual intoxication was shown, *held* properly refused, as recovery might be had for damages caused by intoxication, even though it had been shown to be habitual.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.